

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2002

# Pulice v. Enciso

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Pulice v. Enciso" (2002). *2002 Decisions.* Paper 407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No:   01-3748

_____


MARIA PULICE

Appellant


v.


OFFICER J. ENCISO; SGT. T.M. SOLLA; OFFICER DANIEL UNCAPHER;
CHIEF DONALD HESS, JR., in their capacity as police officers
and individually; ALLEGHENY TOWNSHIP POLICE DEPARTMENT, a
municipal agency; ALLEGHENY TOWNSHIP,a municipal corporation;
PEOPLES NATURAL GAS COMPANY, a Pennsylvania corporation;
PAUL E. KING, Pennsylvania State Trooper


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 99-cv-01244)
District Judge: Honorable Donald J. Lee


Argued May 2, 2002

Before: ROTH and STAPLETON, Circuit Judges
POLLAK*, District Judge

(Opinion filed : July 17, 2002 )


     * Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation

Leonard E. Sweeney, Esquire (Argued)
976 Perry Highway
Pittsburgh, PA 15237

     Attorney for Appellant

Cheryl Esposito, Esquire (Argued)
Gigler & Joyal
Frick Building, Suite 612
437 Grant Street
Pittsburgh, PA 15219-6003

Stephen J. Poljak, Esquire (Argued)
Marshall, Dennehey, Warner, Coleman & Goggin
600 Grant Street
2900 USX Tower
Pittsburgh, PA 15219

Joyce C. Dailey, Esquire (Argued)

The Peoples Natural Gas Company
625 Liberty Avenue
Pittsburgh, PA 15222-3197

Calvin R. Koons (Argued)
Office of Attorney General of Pennsylvania
Strawberry Square
15th Floor
Harrisburg, PA 17120

Rodney M. Torbic
Office of Attorney General of Pennsylvania
564 Forbes Avenue
Manor Complex, 5th Floor
Pittsburgh, PA 15219

    Attorneys for Appellees


O P I N I O N


ROTH, Circuit Judge:

    Plaintiff Maria Pulice appeals the District Court's grant of summary judgment dismissing her claims brought against defendants, Officer Enciso et. al, under 42 U.S.C. 1983. We agree with the District Court that Ms. Pulice has failed to produce record evidence of a genuine issue of material fact from which a reasonable jury could rule in her favor on any count, and that the defendant Officers are entitled to qualified immunity. Thus, for reasons explained in more detail below, we will affirm the District Court's entry of summary judgment in favor of defendants.

I.    Facts and Procedural History.

    The underlying dispute arises from Ms. Pulice's opposition to an easement on her property. The easement allows the Peoples Natural Gas Company to provide gas to Ms. Pulice's neighbors by running and servicing a pipe and gas meter on her property and on the public right of way along her property. This suit is not the first litigation over easements. In 1993, the Court of Common Pleas of Westmoreland County, Pennsylvania granted a permanent injunction forbidding the Pulices from interfering with Peoples' right of way on the Pulice's property. The permanent injunction was affirmed on appeal.

    Problems resumed on December 4, 1997, however, when Peoples was called to service the gas line because it had been cut by appellant's husband, Nunziato Pulice, Sr. The Pulices refused to allow Peoples to enter their property, and, as a result, the gas company contacted the Allegheny Township Police Department. The Township faxed a letter to the Pulice's lawyer, instructing him that his clients were not to interfere with the gas company's right of way. When Peoples returned the next day, however, it was still barred from the property by the Pulices. It then called the Allegheny Township Police to the scene.

    Officer Donald Hess told the Pulices that they would be arrested if they continued to obstruct Peoples. The Pulices did not budge, and the officers proceeded to arrest them. As the officers were removing Nunziato Pulice from the scene, Ms. Pulice attempted to grab the gun from Officer Enciso's holster. The officers responded by subduing and handcuffing her. Ms. Pulice claims that she was thrown face down on the ground, and beaten with a hard object. Medical reports, however, show only a bruise on her back and leg and an abrasion on her left hand. This incident was videotaped by the Pulices' neighbor, Clark Keller.

    As a result of her actions, Ms. Pulice was charged with disorderly conduct under 18 Pa. C.S. 5502(a)(1), resisting arrest under 18 Pa. C.S. 5104, simple assault under 18 Pa. C.S. 2701(a)(3), and obstructing a public passage under 18 Pa. C.S. 5507(a). She ultimately pled guilty to simple assault and obstructing a public passage. She was

sentenced to one year of probation and ordered to undergo a mental health evaluation.

Ms. Pulice wrote a letter to Paul Evanko, the Pennsylvania State Police Commissioner, to complain that she had been beaten by the defendant Officers. Trooper Paul King was assigned to investigate this matter and, after reviewing the videotape of the Pulice's arrest and interviewing many witnesses, he filed a charge of False Reports to Law Enforcement Agencies against Ms. Pulice. This charge was ultimately dismissed at a habeas corpus hearing in the Court of Common Pleas of Allegheny County, Pennsylvania.

As a result of her arrest and prosecution, Ms. Pulice filed a 1983 suit in federal court. She named as defendants Officers Enciso, Hess, and two other officers (in their capacity as police officers and individually), as well as Allegheny Township, the Allegheny Township Police Department, the Peoples Natural Gas Company, and Trooper King. Her complaint alleged that the defendant Officers violated her rights under the First, Fourth, Fifth and Fourteenth Amendments, that the Township was also liable for the defendant Officers' actions, and that the defendant Officers conspired with Peoples and Trooper King to violate her civil rights.

After discovery, the District Court entered summary judgment dismissing Pulice's 1983 claims and dismissing her pendent state law claims without prejudice. This appeal followed.

## II. Jurisdiction and Standard of Review.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(a)(3). We have appellate jurisdiction, under 28 U.S.C. 1291, over the District Court's final order granting summary judgment for defendants.

The District Court's grant of summary judgment is subject to plenary review. Berner Int'l Corp. v. Mars Sales Co., 987 F.2d 975, 978 (3d Cir. 1993). When ruling on summary judgment, inferences to be drawn from underlying facts in the evidentiary record must be viewed in the light most favorable to the plaintiff. Id. Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion.

A. Claims against Defendant Officers.

Ms. Pulice appeals the District Court's decision to grant summary judgment on the following claims brought against the defendant Officers: Excessive force claims brought under the Fourth, Fifth, and Fourteenth Amendments; retaliation claims for exercise of her rights under the First Amendment; and false arrest, false imprisonment, and malicious prosecution claims. As explained below, we will affirm the District Court's decision to grant summary judgment on all of these claims.

1. Excessive force claims.

We agree with the District Court that the defendant Officers are entitled to qualified immunity from Ms. Pulice's claim that they violated the Fourth Amendment by using excessive force during her arrest. The Supreme Court has made clear that courts addressing qualified immunity for an excessive force claim must resolve the following two questions: First, when the facts are taken in the light most favorable to the plaintiff, do they show that the officer's conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, is the right clearly established insofar as a reasonable official would understand that his actions are violating that right? Id. at 202.

According to the undisputed facts of this case, as Nunziato Pulice was being arrested, Maria Pulice attempted to take the gun from Officer Enciso's holster. The officers responded by subduing and handcuffing her. Ms. Pulice claims that she was thrown face down on the ground, and beaten with a hard object. Almost all of this altercation was recorded on videotape. Medical reports show only a bruise on her back and leg and an abrasion on her left hand.

In applying the Saucier test to these facts, the District Court found that it was reasonable for the officers to conclude that they were acting with an appropriate amount of force when they subdued Ms. Pulice as they did.

The Supreme Court has noted that "not every push or shove" violates the Fourth Amendment and that the right to use a certain degree of force must be analyzed in light

of the "facts and circumstances of each particular case, including the severity of crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest." Graham, 490 U.S. at 96. In this case the bulk of the facts and circumstances surrounding Ms. Pulice's arrest have been recorded on videotape. In light of the videotape and the facts, we agree with the District Court that the officers' actions in subduing Ms. Pulice after she attempted to take Officer Enciso's gun did not violate a clearly established constitutional right. Under the circumstances, the officers were justified in reacting as they did to Ms. Pulice's actions and no unreasonable force was employed. See Saucier, 121 U.S. at 2159-60.

2.    Retaliation claim.

We also agree with the District Court that the facts underlying Ms. Pulice's retaliation claim fail to establish a violation of her First Amendment rights. A First Amendment retaliation claim requires a plaintiff to prove three things: first, that she engaged in protected activity; second, that the government responded with retaliation; third, that this protected activity was the cause of the government's retaliation. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997).

Ms. Pulice claims that she was arrested in retaliation for standing on her property and pronouncing her views that the Gas Company was not entitled to enter. She has failed, however, to provide a factual basis for her retaliation claim. She was not arrested for expressing her views, but because she and her husband acted unlawfully when they physically obstructed the Gas Company's right of way. Thus, we will affirm the District Court's grant of summary judgment for this claim.

3.    False arrest, false imprisonment and malicious prosecution claims.

Under 1983, false arrest, false imprisonment, and malicious prosecution claims require a showing that the arrest, physical restraint, or prosecution was initiated without probable cause. We agree with the District Court that Ms. Pulice failed to proffer facts showing a lack of probable cause for her arrest, physical custody, and prosecution: There is no dispute that she obstructed Peoples' access to a valid right of way and that such obstruction is a misdemeanor under Pennsylvania law. See 18 Pa. C.S. 5507. We will affirm the District Court's grant of summary judgment on these claims.

B.    Claims against Allegheny Township.

Ms. Pulice also appeals the District Court's grant of summary judgment on her claims against Allegheny Township. She claims that the Township should be held liable for the defendant Officers' actions taken pursuant to the Township's policies. In light of our conclusion that the defendant Officers did not violate a constitutional right, however, we will affirm the District Court's dismissal of claims against the Township.

C.    Conspiracy claims against Trooper King and Peoples Gas Company.

Finally, Ms. Pulice appeals based on her claims that both Trooper King and the Peoples' Gas Company conspired with the defendant Officers to violate her constitutional rights. We agree with the District Court that Ms. Pulice failed to produce sufficient evidence of an agreement to overcome summary judgment on her conspiracy claims. We therefore affirm the District Court's dismissal of these claims.

IV.    Conclusion.

Ms. Pulice has failed to provide sufficient evidence to overcome summary judgment on any of her 1983 claims. We will affirm the District Court's order dismissing these claims on summary judgment.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth

Circuit Judge